LAW OFFICE of ANN BALL, P.C.
Ann Ball
357 Veterans Memorial Highway
Commack, New York 11725

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

LAURIE WASSERMAN, Individually and on Behalf of all others Similarly Situated,

Plaintiffs,

-against-

GREAT AMERICAN JEWLERY, INC., LAURIE CHARITON, and LAWRENCE CHARITON,

Defendants.

COMPLAINT

Jury Trial Demanded

CV 17 1089

FEUERSTEIN, J.

LOCKE, M.J.

---

## NATURE OF ACTION

1. Plaintiff was a sales associate employed at Defendant's jewelry store, located at 5163 Merrick Road, Massapequa Park, New York. Plaintiff brings this action to recover unpaid overtime premium pay owed to her pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq. and the New York Labor Law ("NYLL"), §§650 et seq. Plaintiff also brings claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements pursuant to the NYLL and the supporting regulations. Plaintiff brings her FLSA claims on behalf of herself and all other

similarly situated employees of Defendants, and her NYLL claims on behalf of herself and a Federal Rule of Civil Procedure 23 class of all hourly employees working for Defendant in New York.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1367. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

Plaintiff:

5. Plaintiff Laurie Wasserman ("Wasserman") was, and is, an individual residing in Seaford, Nassau County, New York.

6. Throughout the relevant time period, Wasserman performed work for Defendants at Great American Jewelry, Inc., located at 5163 Merrick Road, Massapequa Park, New York.

Defendants:

7. Upon information and belief, Great American Jewelry, Inc. ("Great American") is an active New York corporation with its principal place of business at 5163 Merrick Road, Massapequa

Park, New York.

8. Upon information and belief, Defendant Laurie Chariton is the owner, operator and general manager of Great American.

9. Upon information and belief, Defendant Lawrence Chariton is an operator and manager of Great American.

10. Upon information and belief, Defendants Laurie Chariton and Lawrence Chariton, jointly and severally, set Defendant Great American's operation and payroll policies and, in particular, the unlawful practices that are the subject of this Complaint.

11. Upon information and belief, throughout the relevant time period, Defendants Laurie Chariton and Lawrence Chariton, jointly and severally, were in charge of hiring and firing employees, setting work schedules and wage rates, and otherwise running the business operations of Great American.

12. Upon information and belief, Defendants Laurie Chariton and Lawrence Chariton, jointly and severally, acted maliciously and intentionally in the management, direction and control of Plaintiffs, and are an "employer" pursuant to the FLSA 29 U.S.C. § 203 (d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York State Law Labor Law § 2and the regulations promulgated thereunder, and are jointly and severally liable with Laurie Chariton and Lawrence Chariton.

## STATEMENT OF FACTS

### Defendants' Jewelry Store:

13. At all relevant times Defendants owned, operated, managed and controlled a retail jewelry store located at 5163 Merrick Road, Massapequa Park, New York, and continue to do so.

14. According to the New York State, Division of Corporations website, Defendant Great American Jewelry, Inc. is a domestic business corporation established on February 19, 2008 in Nassau County New York.

15. Upon information and belief, at all relevant times, Defendants Laurie Chariton and Lawrence Chariton, have been, and still are, in charge of the management of daily business operations, including payroll, of Great American.

16. At all relevant times Defendants were, and are, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a) and, more particularly, are engaged in the business of jewelry sales, custom jewelry design and jewelry repair to the general public.

17. At all relevant times Defendants employed Plaintiff Wasserman within the meaning of the FLSA.

18. At all relevant times Defendants employed the Plaintiff within the meaning of NYLL §§ 2 and 651.

19. Upon information and belief, at all relevant times, Great American has had gross revenues in excess of $500,000.00.

## PLAINTIFF'S WORK FOR DEFENDANTS

20. Plaintiff was employed by Defendant Great American from January 5, 2017 until May 27, 2016 as a sales associate. Plaintiff found that position when she answered an ad seeking a jewelry sales associate posted by Defendants on the website *Indeed*.

21. Plaintiff was hired at a salary of $64,000.00 per year. From her date of hire, until July 28, 2016, during each calendar month, Plaintiff worked fifty-three (53) hours per week for three out of the four calendar weeks. The fourth calendar week per month included a Sunday workday and on those weeks she worked forty-nine hours per week. Plaintiff's workday included one thirty (30) minute paid lunch period.

22. Throughout Plaintiff's employment, her workweek was from Friday through Thursday. Defendants did not pay Plaintiff until after closing time on the following Saturday. This practice applied to all of Defendants' hourly workers

23. On July 28, 2016, Defendants forced Plaintiff to sign an "Employment Clarification" (incorporated herein and made a part hereof as exhibit "A") wherein her regular working hours per week was defined as five days per week from 9:00 a.m.

through 7:00 p.m. with an approximate additional half hour she was required to work at open and at close, increasing Plaintiff's working hours to fifty-five (55) hours per week, with a forty-five (45) minute paid lunch period. Plaintiff continued to work fifty-five (55) hours per week until she left Defendants' employ on January 5, 2017.

24. Defendants wrongfully classified Plaintiff's position as "Assistant Manager" although Plaintiff was not, in fact, a bona fide manager. Plaintiff had no management or supervisory authority; she had no authority to hire, fire, manage, set schedules, discipline other employees or make management decisions regarding any aspect of Defendants' business.

25. Plaintiff's duties included: place merchandise in the display cases, count and record the daily count of the merchandise, clean and organize display cases, prepare displays, contact vendors to order replacement parts as needed, assist clients with sales, custom designs, repair intake and pick up, remove merchandise from displays and store the merchandise in the safe.

26. Plaintiff did not receive a wage notice providing her hourly rate, overtime rate, and regular payday when Defendants hired her.

27. Plaintiff was not paid overtime wages for any hours

worked is excess of forty hours per workweek.

28. Notwithstanding the fact that Plaintiff always worked a minimum of forty-nine hours per week, Defendants failed to pay her overtime premium pay equal to one and one half (1.5) times her regular hourly rate for the hours worked over forty (40) per week. Defendants' failure to pay overtime premiums to Plaintiff was a business policy that applied to all of Defendants' hourly workers.

29. Although Plaintiff was required to work more than ten (10) hours a day, Defendants failed to pay her spread of hours premiums equal to an additional hour of minimum wage for each hour worked in excess of ten in a given day. Defendants' failure to pay plaintiff spread of hours premiums was a corporate policy that applied to all of Defendants' employees working shifts of more than ten (10) hours in one day and/or split shifts.

30. Plaintiff recorded her hours by clocking in and out of an electronic timekeeping system.

31. Plaintiff's work was performed in the usual and normal course of Defendants' business as a retail jewelry store.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT: UNPAID OVERTIME

32. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "31", inclusive, with the

same force and effect as though fully set forth herein.

33. In failing to pay overtime compensation at a rate not less than one and one half times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants jointly and severally violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. Defendants' failure to pay overtime caused Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants his unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorney's fees, and the costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW: UNPAID OVERTIME

36. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "31", inclusive, with the same force and effect as though fully set forth herein.

37. Defendants willfully violated Plaintiff's rights by failing to pay overtime compensation at a rate of not less than one and one half times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and

regulations promulgated thereunder.

38. Defendants' failures to pay overtime premium compensation caused Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorney's fees, and the costs and disbursements of the action pursuant to NYLL §§ 663(1) et seq.

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW: UNPAID SPREAD OF HOURS

39. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "31", inclusive, with the same force and effect as though fully set forth herein.

40. Defendants willfully violated Plaintiff's rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances when the Plaintiffs worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, et seq., and the regulations promulgated thereunder including NY Comp. Code Rules & Regs. Title 12 §§ 137-1.7 (2010), 146-1.6 (2012).

41. Defendants' failure to pay spread of hours compensation caused Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants his unpaid spread of hours compensation, damages for

unreasonably delayed payment of wages, liquidated damages, reasonable attorney's fees, and the costs and disbursements of this action pursuant to NYLL §§ 663(1) *et seq.*

### FOURTH CAUSE OF ACTION
### NEW YORK LABOR LAW: WAGE NOTICE VIOLATIONS

42. Plaintiff repeats and realleges each and every allegation on paragraphs "1" through "31", inclusive, with the same force and effect as though fully set forth herein.

43. Defendants willfully failed to supply Plaintiff notice as required by Article 6 § 195, containing Plaintiff's correct rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rate of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6 § 191; deductions; net wages; and such other information as the commissioner deems material and necessary.

44. As a direct result of Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants fifty dollars ($50) per employee for each work week that the violations occurred, or continue to occur, or a total of twenty-five hundred dollars ($2,500.00) per employee, as provided for by the NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorney's fees, costs,

pre-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

c. An injunction against Defendant(s) and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

e. An award of liquidated and/or punitive damages as a result of the Defendants' result of Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

f. An award of damages for the non-payment of spread of hours pay for each split shift and/or shift worked in New York in excess of ten hours;

g. Fifty dollars ($50.00) per Plaintiff for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred ($2,500.00) per Plaintiff as provided for by NYLL, Article 6 § 198 (1)-b.

h. An award of prejudgment and post judgment interest;

i. An award of costs and expenses of this action together with reasonable attorney's fees; and

j. Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE of ANN BALL, P.C.

By: _____
Ann Ball (AB 0587)
357 Veterans Memorial Highway
Commack, New York 11725
Telephone (631) 864-8700
Facsimile (631) 864-1415
Email: Ann.Ball@mac.com

*Attorney for the Plaintiff*

# Great American Jewelry
## 5163 Merrick Rd
## Massapequa Park, N.Y. 11762
## 516-279-6752

July 28, 2016

Subject- Employment Clarification

Dear Laurie Wasserman,

This is a letter of clarification to review your offer of employment. This is to provide transparency of duties and the scope of the position is as follows:

- Assistant manager- This position is a managerial position. Duties include assisting manager and owners with all aspects of Sales, inventory management and control, events, creative input, and all aspects involved in a professional sales position.
- Position is Five Days a Week, to be determined. During the Christmas season you will be asked to work 6/7 days a week and paid for the extra days. You will be paid $197.30 gross for each additional day over 5.
- Hours are 9:00 AM to 7:00 PM close, there is approximately an additional ½ to closing putting inventory away.
- After a waiting period of 12 months from hire, you will be eligible for 1 week vacation and after 2 years 2 weeks vacation every year thereafter. There is no eligible vacation from Thanksgiving to Jan 15th.
- After a waiting period of 1 year you will receive 5 days to use as sick days/personal days.
- Lunch is 30 minutes paid. We have agreed to extend your lunch by 15 minutes paid.
- Your starting salary is $64,000.00
- If you are interested in health insurance, we would be glad to connect you with our broker for you to purchase. We can withhold your premiums accordingly. Should you decide to take health insurance we will subsidize your premium up to $250.00

We look forward to you becoming a long and successful member of our team. Please forward his letter of intent, along with your signature as soon as possible.

Very truly yours,

Laurie Chariton  *(signature)*
Owner

Laurie Wasserman x  *(signature)*

# Exhibit A

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failures of Great American Jewelry, Inc., and its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

*L Wasserman*  2-24-17        *Laurie Wasserman*
_____        _____
Signature      Date                   Printed Name